[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 5, 2006
THOMAS K. KAHN
CLERK

No. 05-12422
Non-Argument Calendar

_____

BIA No. A95-223-020

JOHN WILFREDO LAVERDE GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 5, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

John Wilfredo Laverde Gonzalez ("Laverde"), a native and citizen of

Colombia, through counsel, petitions us for review of the Board of Immigration

Appeals's ("BIA's") order denying his motion to reconsider its summary

affirmance of the Immigration Judge's ("IJ's") denial of his applications for asylum and withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), which were filed pursuant to 8 U.S.C. §§ 1158, 1231 and 8 C.F.R. § 208.16(c), and in which Laverde claimed that he had been persecuted in Colombia by the Revolutionary Armed Forces of Colombia ("FARC"), on account of his political opinion and membership in the Conservative Party. On appeal, Laverde challenges (1) the merits of the IJ's denial of relief, (2) the BIA's summary affirmance of the IJ's order, and (3) the BIA's denial of his motion for reconsideration.

We must inquire sua sponte into subject-matter jurisdiction whenever it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). A petitioner has 30 days from the date of the final order of removal to seek review in our Court. 8 U.S.C. § 1252(a)(1), (b)(1). "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam). The deadline was not suspended or tolled by Laverde's filing of a motion to reconsider within 30 days of the final removal order's issuance. *See id.* Because Laverde failed to file a timely petition for review of the BIA's final order of removal, we lack jurisdiction to consider his

2

arguments to the extent they challenge the merits of the IJ's order or the BIA's final order of removal. Therefore, we dismiss that portion of Laverde's petition for review.

Regarding the BIA's denial of his motion for reconsideration, Laverde argues that the BIA erred by (1) concluding that he had raised no arguments on appeal which would have caused it to reverse the IJ's decision, (2) failing to use independent judgment in its decision, and (3) failing to consider all of the relevant evidence.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). Motions to reconsider are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *I.N.S. v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992). A motion to reconsider must specify "the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

Laverde's arguments in his motion for reconsideration were arguments that he either made, or should have made, in his initial brief before the BIA. Laverde generally argues on appeal that the BIA failed to use "its own independent judgment." However, he has failed to cite to legal authority or support in the

3

record for this argument.  *See Zafar v. U.S. Att'y Gen.*, 426 F.3d 1330, 1336 (11th

Cir. 2005) (rejecting constitutional challenge where petitioners neither cited to

legal authority, nor support in the record, for their challenge). Laverde also argues

that the IJ erred in finding that he is not a refugee.  However, in his brief to this

Court, he points to little in the record that establishes clearly his status as a refugee.

Indeed, in his motion for reconsideration, Laverde does not cite to the record at all.

Thus, Laverde did not specify any "errors of fact or law in the prior [BIA] decision

[that were] supported by pertinent authority."  *See* 8 C.F.R. § 1003.2(b)(1).

Therefore, the BIA did not abuse its discretion in denying Laverde's motion for

reconsideration.  Accordingly, we deny this portion of Laverde's petition for

review.

**PETITION DISMISSED IN PART, DENIED IN PART.**